# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICKIE LAMONT SLAUGHTER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68532

FILED

JUL 1 3 2016



## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant Rickie Lamont Slaughter contends that the district court erred by denying his petition, which included claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. We give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

In his petition, Slaughter contended that trial counsel was ineffective for failing to (1) elicit testimony from Detective Jesus Prieto,

Officer Anthony Bailey, Officer Mark Hoyt, Craig Retke, and Destiny Waddy, (2) adequately cross-examine the State's witnesses, (3) present evidence regarding the timing of a 911 call, (4) discover impeachment evidence regarding Jeff Arbuckle, (5) discover evidence that the State provided witnesses with monetary compensation, and (6) suppress evidence, and for eliciting testimony from Noyan Westbrook.[1] The district court denied these claims without conducting an evidentiary hearing. We conclude that the district court did not err. Although the district court's reasoning regarding the deficiency component of some of Slaughter's claims erroneously assumed disputed facts to be true, we agree with the district court that an evidentiary hearing was not required under the circumstances, see Hathaway v. State, 119 Nev. 248, 255, 71 P.3d 503, 508 (2003) (recognizing that an evidentiary hearing is warranted where a petitioner's claim is "supported by specific facts not belied by the record, which if true, would entitle him to relief"), and that Slaughter failed to demonstrate prejudice because the evidence against him was overwhelming. Multiple eyewitnesses identified Slaughter at trial and in a photographic lineup as one of the suspects and several identified him as the shooter. Slaughter's girlfriend owned a vehicle which resembled that described by the witnesses, and in it, law enforcement found two firearms

---

[1]Slaughter claimed that appellate counsel was ineffective for (1) failing to raise a Batson claim and (2) challenge the State's failure to preserve evidence. We conclude that the district court did not err by denying these claims because Slaughter failed to demonstrate that they had a reasonable probability of success on appeal. See Kirksey v. State, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying Strickland to appellate counsel).

consistent with those used in the crimes and ammunition consistent with ballistic evidence recovered from the scene. In addition, the district court found that Slaughter was depicted in surveillance footage using a victim's stolen ATM card and that he made statements which indicated that he was attempting to fabricate an alibi. We give deference to these findings. *See Lader*, 121 Nev. at 686, 120 P.3d at 1166. Thus, even assuming that counsel were deficient, Slaughter failed to demonstrate a reasonable likelihood of a different result.[2] Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc:  Hon. Douglas W. Herndon, District Judge
Rickie Lamont Slaughter
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]To the extent appellant requested counsel, we conclude that the district court did not abuse its discretion by declining to appoint counsel. *See* NRS 34.750(1).

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.